**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**HATTIESBURG DIVISION**

**JARRET MONT WILSON, #L7689**                                            **PLAINTIFF**

**VERSUS**                                                              **CAUSE NO. 2:13-cv-21-KS-MTP**

**RONALD KING, DIANE MASSEY**
**AND JOHNNIE DENMARK**                                          **DEFENDANTS**

**MEMORANDUM OPINION**

This cause is before the Court, *sua sponte*, for consideration of dismissal. Plaintiff Wilson, an inmate of the Mississippi Department of Corrections (MDOC), filed this *pro se* Complaint pursuant to 42 U.S.C. § 1983. Plaintiff's request to proceed *in forma pauperis* was granted on February 25, 2013. The named Defendants are Superintendent Ronald King, Officer Diane Massey and Warden Johnnie Denmark. Upon liberal review of the Complaint and Response [14], the Court has reached the following conclusions.

On July 5, 2012, Plaintiff was found guilty of a prison rule violation report (RVR) at the South Mississippi Correctional Institution (SMCI). Plaintiff states that as a result of this guilty finding, he lost 180 days of "trusty status." Compl. [1] at 4; Resp. [14] at 2. Plaintiff's appeal of the RVR and resulting punishment was denied.[1]

Plaintiff complains that his constitutional rights were violated along with MDOC policy and procedure. Specifically, Plaintiff asserts that Defendant Massey did not follow "disciplinary procedures," that she made a biased decision, and she "arbitrarily" found him guilty. Resp. [14] at 1; Compl. [1] at 4. Plaintiff alleges that he "constantly complained to Defendant King in

---

[1]Plaintiff submitted a copy of Warden Denmark's response denying his appeal (via the MDOC administrative remedy program) of the RVR and resulting punishment. *See* Compl. [1-1].

writing and verbally about how unfair he was being treated by the disciplinary committee at SMCI." Resp. [14] at 1. Plaintiff states that Defendant King did not respond in writing, and had the same response to all of Plaintiff's verbal complaints, which was, "utilize the disciplinary proceedings." *Id.* Plaintiff complains that Defendant Denmark "went along with the unfair decision during the RVR appeal process" and failed to follow the grievance procedures. *Id.* at 2. As relief, Plaintiff is seeking monetary damages and "credit back 180 days," which the Court construes as a request for the sentence credits[2] he would have earned in trusty status. Compl. [1] at 4.

## I. Analysis

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings *in forma pauperis* and provides that "the court shall dismiss the case at any time if the court determines that . . .(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Since the Court has permitted Plaintiff to proceed *in forma pauperis* in this action, his Complaint is subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2).

### A. Section 1983 Claims

In order to have a viable claim under 42 U.S.C. § 1983, a plaintiff "must allege facts showing that a person, acting under color of state law, deprived the plaintiff of a right, privilege or immunity secured by the United States Constitution or the laws of the United States." *Bryant*

---

[2]As explained by the Mississippi Supreme Court "[t]rusty time is a reduction in sentence which may be granted in addition to any other administrative reduction in sentence to an offender in trusty status as defined by the classification board of MDOC." *Golden v. Epps*, 958 So.2d 271, 274 n.2 (Miss.2007)(citing Miss.Code Ann. § 47-5-138.1 (Rev.2004)).

2

*v. Military Dep't of Miss*., 597 F.3d 678, 686 (5th Cir. 2010)(citation omitted). Initially, the Court notes that trusty status is a classification or custody level within MDOC. An inmate does not have a constitutional right to receive a certain custodial classification while incarcerated. *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir.1995). As the Fifth Circuit has explained, the classification of prisoners in certain custody levels is well within the broad discretion of prison officials and should be "free from judicial intervention." *McCord v. Maggio*, 910 F.2d 1248, 1250-51 (5th Cir.1990)(citations omitted); *Parker v. Currie,* 359 F. App'x 488, 490 (5th Cir. 2010) (holding inmate's "mere disagreement with a [custodial] classification is insufficient to establish a constitutional violation").

At best, Plaintiff is asserting that his constitutional rights were violated under the Due Process Clause when his custody level was reduced and he was removed from trusty status for 180 days. However, the protections afforded by the Due Process Clause do not extend to "every change in the conditions of confinement" which are adverse to a prisoner. *Madison v. Parker*, 104 F.3d 765, 767-68 (5th Cir. 1997). To invoke the protections of the Due Process Clause, Plaintiff must have a protected liberty interest at stake. A constitutionally protected liberty interest is "limited to freedom from restraint which . . . imposes atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner,* 515 U.S. 472, 484 (1995). The classification of Plaintiff in a certain custody level and the denial of prison privileges associated with a certain custody level is not an "atypical and significant hardship" of prison life. *See Wilkerson v. Stalder*, 329 F.3d 431, 435-36 (5th Cir. 2003)(noting that "this circuit has continued to hold post-*Sandin* that an inmate has no protectable liberty interest in his classification" and remanding case to determine if lock-down status for thirty years

was "atypical" under *Sandin*); In sum, Plaintiff does not have a constitutionally protected right to a certain classification level or any privileges associated with a certain custody level while in prison.

Furthermore, an inmate does not have a federally protected liberty interest in having a prison grievance investigated or resolved to his satisfaction. *Geiger v. Jowers,* 404 F.3d 371, 373-74 (5th Cir. 2005); *see also Staples v. Keffer*, 419 F. App'x 461, 463 (5th Cir. 2011)(finding prisoner "does not have a constitutional right to a grievance procedure at all" therefore claims that appeals within the prison system were "arbitrarily and capriciously denied" are not cognizable). As such, Plaintiff's claims related to how his grievance or appeal of this guilty finding was handled within the prison administrative remedy program are not cognizable. *See Morris v. Cross*, 476 F. App'x 783, 785 (5th Cir. 2012)(finding inmate's claim that he was denied adequate investigation into his grievance was properly dismissed as frivolous).

Finally, Plaintiff is not entitled to relief under § 1983 based on his claim that MDOC policy and procedure was violated by this RVR and resulting disciplinary process. These allegations, without more, simply do not rise to a level of constitutional deprivation. *See Guiden v. Wilson,* 244 F. App'x 980, 981 (5th Cir. 2009) (citing *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir 1986)) ("A violation of a prison rule by itself is insufficient to set forth a claim of a constitutional violation.").

**B. Habeas Corpus Claims**

Habeas Corpus provides the exclusive federal remedy available to a state prisoner challenging the fact or duration of his confinement and seeking a speedier or immediate release from incarceration. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *see also Wilkinson v.*

*Dotson*, 544 U.S. 74, 78 (2005)(internal quotations omitted)(finding a "prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement"). Plaintiff must pursue claims that affect his eligibility for, or entitlement to, accelerated release through habeas corpus. *Cook v. Tex. Dep't of Criminal Justice Transitional Planning Dep't,* 37 F.3d 166, 168 (5th Cir. 1994)(citing *Johnson v. Pfeiffer*, 821 F.2d 1120, 1123 (5th Cir. 1987)).

To the extent Plaintiff's request for relief of "credit back 180 days" is a request for restoration of good-time or trusty time sentence credits, such relief is habeas in nature. Compl. [1] at 4. Clearly, an Order directing MDOC to restore or apply certain sentence credits to the Plaintiff's term of imprisonment would result in the Plaintiff receiving an accelerated release from incarceration. Therefore, these habeas corpus claims will be dismissed from this § 1983 case without prejudice. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997)(holding that habeas corpus is the exclusive remedy for an inmate's challenge to the loss of good-time credits); *Hernandez v. Livingston*, No. 12-50020, 2012 WL 5195813, at *2 (5th Cir. 2012)("A prisoner's challenge to the fact or duration of his confinement that seeks a shorter term of confinement . . . must be brought in a habeas corpus action, not a § 1983 action.").

## II. Conclusion

As explained above, a change or reduction in Plaintiff's custody level does not amount to a constitutional deprivation. Nor does an unfavorable response to a prison grievance or a failure to follow prison policy amount to a constitutional deprivation. Therefore, this § 1983 case is dismissed as frivolous pursuant to 28 U.S.C. § 1915 (e)(2)(B)(i), with prejudice. To the extent Plaintiff has asserted any habeas corpus claims, these claims are dismissed without prejudice.

Since this case is dismissed pursuant to the above-mentioned provisions of the Prison Litigation Reform Act, it will be counted as a "strike."[3] If Plaintiff receives "three strikes" he will be denied *in forma pauperis* status and required to pay the full filing fee to file a civil action or appeal.

A Final Judgment in accordance with this Memorandum Opinion will be entered.

SO ORDERED AND ADJUDGED, this the 25th day of March, 2013.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE

---

[3] 28 U.S.C. § 1915(g) states "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."